# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY W. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-238-A |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for disability insurance benefits and supplemental security income benefits. The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). Both parties have briefed their respective positions, and thus, the matter is at issue. For the reasons stated herein, the decision of the Commissioner is affirmed.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his applications for disability insurance benefits and supplemental security income benefits on April 8, 2008, alleging an inability to work since August 15, 2007, as a result of an ankle fracture with residual problems, a torn rotator cuff,

an abdominal hernia, depression, high blood pressure, asthma, esophageal spasms, and GERD with esophageal damage. Tr. 102-07, 108-09, 118, 122. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 40, 41, 43, 44, 45-48, 49-52, 55-57, 58-60, 61-63, 64-66. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on May 29, 2009. Tr. 19-39, 67-68. Plaintiff appeared in person with his non-attorney representative and offered testimony in support of his applications. Tr. 21-35, 53. A vocational expert also testified at the request of the administrative law judge. Tr. 35-38, 92. The administrative law judge issued his decision on September 23, 2009, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was not entitled to benefits. Tr. 5-7, 8-18. The Appeals Council denied Plaintiff's request for review on January 8, 2010, and thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1-3.

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. Tr. 9-10. He first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of August 15, 2007. Tr. 10. At steps two and three, the administrative law judge determined that Plaintiff suffers from an umbilical hernia, obesity, history of ankle fracture, history of shoulder injury, and depression, all of which are severe but not severe enough to meet or equal the criteria of any listed impairment or combination of impairments. Tr. 10-11. He also found that Plaintiff suffers from the non-severe

2

impairments of hypertension, asthma, esophageal spasms, and GERD. Tr. 10-11. The administrative law judge next determined that Plaintiff has the residual functional capacity (RFC) to perform a limited range of light work. Tr. 13. Specifically, the administrative law judge found that Plaintiff cannot lift over ten pounds even on an occasional basis, that he cannot climb stairs or ladders, and that he possesses the concentration necessary for unskilled work in relative isolation with limited contact with peers, coworkers, or the general public. Tr. 13. Based on this RFC and the testimony of the vocational expert, the administrative law judge determined at step four that Plaintiff cannot perform his past relevant work of seismograph helper, driver helper, auto detailer, doorframe assembler, and forklift operator. Tr. 16-17. However, based on the Medical-Vocational guidelines and the testimony of the vocational expert, the administrative law judge found that a person with Plaintiff's vocational factors and RFC could perform other work that exists in significant numbers in the economy, such as machine feeder, bench hand, and film touch up inspector. Tr. 17-18. Accordingly, the administrative law judge found Plaintiff not disabled and not entitled to benefits. Tr. 18.

## III. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

[W]e[1] independently determine whether the [administrative law judge's] decision is free from legal error and supported by substantial evidence. Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, we remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks and brackets omitted). To determine whether a claimant is disabled, the Commissioner employs a five step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; Wall, 561 F.3d at 1052. The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy given the claimant's age, education , and work experience. Williams, 844 F.2d at 751.

---

[1]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

## IV. DISCUSSION

Plaintiff's only argument on appeal is that the administrative law judge erred in evaluating the opinion of Dr. Dukheh Ahn, Plaintiff's treating psychiatrist, as stated in a mental medical source statement dated May 11, 2009. Plaintiff's Opening Brief, 8-14. In support of this argument, Plaintiff alleges that Dr. Ahn's treatment notes were consistent with her findings in the mental medical source statement. Plaintiff's Opening Brief, 12. Plaintiff also alleges that the administrative law judge failed to sufficiently explain his reasons for not giving controlling weight to Dr. Ahn's opinion. Plaintiff's Opening Brief, 13. Finally, Plaintiff claims that the administrative law judge erred in crediting the state agency opinion because it was made without considering the records documenting Plaintiff's mental health treatment. Plaintiff's Opening Brief, 13-14.

The Commissioner responds that the administrative law judge properly considered Dr. Ahn's opinion as expressed in the mental medical source statement. Commissioner's Response Brief, 4. In support, the Commissioner states that a consultative examination showed Plaintiff to be not disabled and that Dr. Ahn's treatment notes showed that Plaintiff's depression was well treated with medication. Commissioner's Response Brief, 7-9. The Commissioner also claims that the administrative law judge's findings were supported by the opinions of the state agency physicians and that Plaintiff's disability allegations did not agree with his statements regarding his daily activities. Commissioner's Response Brief, 9-11.

Treating source medical opinions are entitled to deference and must be either given controlling weight or assigned some lesser weight "using all of the factors provided in 20

C.F.R. [§§] 404.1527 and 416.927." Social Security Regulation 96-2p, 1996 WL 374188, at *4. To ensure that the opinion of a treating physician receives proper deference, an administrative law judge must engage in a sequential analysis when performing his review of such opinions. See Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

First, the administrative law judge must determine whether the opinion deserves controlling weight. Watkins, 350 F.3d at 1300. Controlling weight should be given if the opinion is both well supported by medically acceptable clinical laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Watkins, 350 F.3d at 1300.

If the medical opinion is not entitled to controlling weight, it is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §[§] 404.1527 and 416.927." Watkins, 350 F.3d at 1300. Further, the administrative law judge must give good reasons in the decision for the weight he ultimately assigns to the opinion. Watkins, 350 F.3d at 1301. As summarized in Watkins, the regulatory factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

Watkins, 350 F.3d at 1301. Although the decision need not include explicit discussion of each factor, the record must reflect the weight the administrative law judge gives to the

opinion and the reasons for that weight. See Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (internal quotation marks omitted).

The controversy in this case centers on whether the administrative law judge should have given controlling weight to Dr. Ahn's opinion as expressed in a mental medical source statement. Prior to authoring that statement, Dr. Ahn saw Plaintiff six times from September 2008 to April 2009. Tr. 448-50, 466-69, 474. Dr. Ahn then completed the mental medical source statement which is at issue here on May 11, 2009. Tr. 477-80. In that statement, Dr. Ahn opined that Plaintiff was moderately limited in his ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination and get along with coworkers and peers without being distracted by or distracting them; complete a normal workday and workweek without interruptions from his psychologically based symptoms; respond appropriately to changes in the work setting; and to set realistic goals and make plans independent of others. Tr. 477-79. When asked to elaborate on the RFC assessment, Dr. Ahn stated that Plaintiff would have difficulty in maintaining a consistent level of functioning over time without impact from his symptoms. Tr. 480. Dr. Ahn assessed Plaintiff with a GAF score of fifty-two. Tr. 480. The vocational expert testified that these limitations, particularly those concerning Plaintiff's ability to complete a normal work week, his ability to maintain his concentration and attention, and his

ability to work in proximity to others, were significant regarding whether he could maintain employment. Tr. 37-38.

The administrative law judge refused to give Dr. Ahn's opinion controlling weight because he found that it was inconsistent with her treatment notes and with the record as a whole. Tr. 16. In support, the administrative law judge stated that Dr. Ahn's treatment notes showed that despite his anxiety and depression, Plaintiff was predominately "appropriate, with normal sleep, oriented x 3, absent delusions or hallucinations, cooperative, with no side effects of medications." Tr. 16. The administrative law judge also stated that Plaintiff complained of decreased sleep only in September 2008 and April 2009 when he was not taking medication for his depression. Tr. 16. These findings agree with Dr. Ahn's treatment notes. Dr. Ahn first saw Plaintiff on September 22, 2008. Tr. 448-50. Plaintiff was not on any medications at that time and she found his appearance to be appropriate; his speech was normal; his mood was depressed and anxious; his affect was appropriate; he was oriented x3; he had no delusions or hallucinations; his interaction was cooperative; and his sleep was decreased. Tr. 448. The doctor placed him on medication. Tr. 450. On October 27, 2008, Dr. Ahn reported that Plaintiff was compliant with his medication, he had no side effects from it and his sleep was normal. Tr. 469. Dr. Ahn eliminated "depressed" from Plaintiff's mood and listed only "anxious," but otherwise her findings were the same as the September visit. Tr. 469. In her notes from Plaintiff's November 24, 2008 visit, she again added "depressed" to Plaintiff's mood, but otherwise her report was the same as the October report which showed Plaintiff was compliant with medication. Tr. 468. On December 22, 2008,

8

she again eliminated "depressed" from Plaintiff's mood, but otherwise her findings were the same as the November visit. Tr. 467. Dr. Ahn's findings on February 23, 2009, were the same as she found in December. Tr. 466. Plaintiff was a "no show" for his March 2009 appointment, Tr. 475, and on April 20, 2009, Dr. Ahn noted that Plaintiff ran out of medications and his sleep was decreased. Tr. 474. Otherwise, her findings were the same as her November 2008 findings. Tr. 474. The administrative law was correct that Dr. Ahn's treating notes did not support the numerous limitations she imposed in May 2009. Tr. 16.

Likewise, the record as a whole does not support Dr. Ahn's opinion in the mental medical source statement. Earlier in his decision when discussing Plaintiff's credibility, the administrative law judge credited the opinion of Dr. Robert Danaher, a clinical psychologist who examined Plaintiff in August 2008, approximately one year after the alleged disability onset date. Tr. 15. As the administrative law judge noted, Plaintiff reported to Dr. Danaher that he had difficulty with crowds and that he had never been hospitalized for a mental impairment or received counseling. Tr. 15, 410. The administrative law judge also stated that Dr. Danaher's examination showed that Plaintiff's remote memory was intact, his immediate memory was unimpaired and he had a well developed general fund of information. Tr. 15, 412. However, Dr. Danaher did note that Plaintiff had mixed results with his sustained attention and concentration capabilities. Tr. 412. Finally, the administrative law judge noted that Dr. Danaher opined that Plaintiff's ability to understand, remember and carry out simple and complex instructions in a work-related environment was acceptable. Tr. 15, 414.

9

The administrative law judge next found that Plaintiff's testimony regarding his daily activities also supported the finding that he possesses the "concentration necessary for unskilled work in relative isolation with limited contact with peers, coworkers, or the general public." Tr. 15. In particular, the administrative law judge noted that Plaintiff testified that he lived with his grandmother, helped with chores, vacuumed, cleaned his room, and read the newspaper. Tr. 15, 23, 29-30. Both Dr. Danaher's opinion and Plaintiff's testimony supported the administrative law judge's decision to not give controlling weight to Dr. Ahn's opinion. Further, as the administrative law judge found, the evidence summarized above was more consistent with the state agency psychologist's opinion which found that Plaintiff was markedly limited in his ability to understand, remember, and carry out detailed instructions and interact appropriately with the general public but that he was not significantly limited in any other category. Tr. 16, 429-31. The administrative law judge noted that his RFC assessment was fairly consistent with the state agency psychologists, and one of the exhibits he cited to has an excellent explanation as to the reasons for the opinion. Tr. 16, 428. As stated above, Plaintiff argues that this opinion was unreliable because the state agency did not have Plaintiff's mental health treatment records before it when it reached its opinion. However, the administrative law judge had those records before him, and as shown above, he considered them. Thus, the administrative law judge acted appropriately in giving more weight to the state agency psychologists' opinion and that of Dr. Danaher than he did to Dr. Ahn's opinion. Accordingly, the Court finds that the administrative law judge properly

evaluated Dr. Ahn's opinion, explained his reason for not giving it controlling weight and his decision to not accord it controlling weight is supported by substantial evidence.

## **CONCLUSION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the Court find that the decision of the Commissioner applied the correct legal standards and is supported by substantial evidence. Accordingly, the decision is affirmed.

ENTERED this 21st day of January, 2011.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE